UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HELEN BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23CV1068 HEA |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE/FBI | ) ) | |
| | ) | |
| Defendant, | ) | |

**OPINION,  MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 7]. Plaintiff has failed to respond to the Motion. For the reasons set forth below, the Motion will be granted.

**Facts and Background**

Plaintiff filed this action against Defendants United States Department of Justice and FBI in the Circuit Court of City of St. Louis, State of Missouri. Plaintiff served the FBI on July 26, 2023. On August 24, 2023, Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1).

Plaintiff claims she is writing "to inform the President, Congress, and anyone who have [sic] the ability to oversee what the unethical treatment of people

who are the targeted in the US." Plaintiff alleges "Target Individuals" are subjected to physical and psychological warfare by the FBI, among others who are not named as defendants in this matter, through the use of electromagnetic, direct-energy weapons, and neuroweapons. Plaintiff alleges injury via "shocks" by an unknown entity which she believes is either FBI or CIA based solely on her claims of seeing a black helicopter in the area.

Plaintiff's claims are akin to tort claims that would fall within the purview of the Federal Tort Claims Act ("FTCA"). Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim for relief pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## Standards of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss an action based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proving subject-matter jurisdiction falls on the plaintiff. *Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir. 1990). The court must dismiss the action if it determines, at any time, that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "No case can properly go to trial if the court is not satisfied that it has jurisdiction.... The jurisdiction issue must be resolved first." *Osborn*, 918 F.2d at 730. Because jurisdiction is a threshold issue, a court

has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Osborn*, 918 F.2d at 729.

To survive a motion to dismiss under Rule 12(b)(6), the factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face. *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 715 (8th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also, *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In order to maintain facial plausibility, a claim must allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ritchie*, 630 F.3d at 715. As such, a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

## Discussion

The doctrine of "sovereign immunity shields the Federal Government and its agencies from suit." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). However, Congress may pass legislation that waives the United States's sovereign immunity and "prescribe[s] the terms and conditions on which the [United States] consents to be sued, and the manner in which the suit shall be conducted." *Id*. (quoting *Beers v. Arkansas*, 61 U.S. 527, 529 (1857)). The FTCA provides a limited waiver of sovereign immunity thereby allowing a person to sue in federal

district court for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." 28 U.S.C. § 2879(b)(1). While Plaintiff's Complaint does not specify the legal basis for her claims against Defendants, her claims can be construed as attempted tort claim.

Federal agencies cannot be sued under the FTCA; the FTCA only authorizes lawsuits against the federal government in the name of the United States. *Duncan v. Department of Labor*, 313 F.3d 445, 447 (8th Cir. 2002). The DOJ and the FBI are federal agencies and are not proper defendants in an FTCA claim. *Id.* (Department of Labor cannot be sued under FTCA). Consequently, the Court will dismiss the agency defendants.

## Conclusion

For the reasons set forth herein, Defendants' Motion to Dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc.

No. 7] is granted.

Dated this 6th day of October 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE